UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

UNITED STATES OF AMERICA                                                                                   PLAINTIFF

vs.                                                                                                        NO. 1:20MJ-45-HBB

BARRET LAWRENCE                                                                                           DEFENDANT

**RESPONSE TO MOTION FOR RECONSDIERATION OF DETENTION ORDER**

Comes the United States of America, by counsel, Assistant United States Attorney Jo E. Lawless, in response to the defendant's Motion for Reconsideration of the Detention Order (DN 17), and states its objections thereto.

Memorandum in Support of Response

A.  Factual and Procedural Background

According to the Kentucky State Sex Offender Registry, Barret Lawrence was convicted in Warren Circuit Court for Attempted Rape (First Degree), of a three-year-old child. He is required to register as a sex offender for the remainder of his life. Courtnet lists the Warren Circuit Court case number as 99-CR-00660 with judgment entered on September 26, 2000.

During the pendency of the 1999 Warren Circuit Court case, law enforcement officials also learned that another child had reported criminal conduct by Lawrence. The Warren Circuit Court conviction involved a three-year-old little girl who attended the same church as Lawrence. The second child, a six-year-old girl, also attended the church. Lawrence locked the six-year old in a bathroom and offered to show her his penis. He forced the three-year-old into a bathroom stall as well. However, he masturbated on the three-year-old, fondled her, and attempted to

vaginally penetrate her. Forensic analysis revealed his semen on her dress, panties, and outer genitals.

The pretrial services report prepared in this case reveals that Lawrence was released from custody in November 2010 on Sex Offender Conditional Discharge. According to the pretrial services report, Lawrence completed Sex Offender Conditional Discharge three years later.

Based on the investigation in the current case, less than two months after completion of the conditional discharge and while on the Sex Offender Registry, Lawrence acquired videos and still images of child sex abuse materials. However, law enforcement did not discover Lawrence's new sex offenses until an investigation revealing his online activity came to light in May 2019. That investigation revealed Lawrence's accessing web sites dedicated to the sharing of child sex abuse materials, including one that advertised "hardcore and hurtcore." When law enforcement officials executed a federal Search Warrant on his residence in late March 2020, they seized digital items that confirmed Lawrence's online activity as well as his possession of child sex abuse materials.

This Court authorized the filing of a Criminal Complaint and issuance of a corresponding Arrest Warrant. Lawrence made his initial appearance on May 12, 2020. (DN 12). The Court conducted a Detention Hearing on May 15, 2020 (the defendant having waived a Preliminary Hearing). (DN 13). At the conclusion of the hearing, the Court ordered Lawrence detained. (DN 14). The matter is before the Court on defendant's motion to reconsider the Detention Order. (DN 17).

B. Statutory presumption in favor of detention

The instant case involves violations of 18 U.S.C. §§ 2252A(a)(2)(B), (a)(5)(B), (b)(1), and (b)(2). Accordingly, the statutory presumption in favor of detention applies. *See* 18 U.S.C. § 3142(e)(3)(E). A finding that no combination of conditions can reasonably assure

the safety of the community must be made by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding of risk of flight need only be proven by a preponderance of the evidence. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004).

The Sixth Circuit Court of Appeals addressed the parameters of the presumption in favor of detention under the Bail Reform Act in *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). In that case, several defendants were indicted for seditious conspiracy in violation of 18 U.S.C. § 2384 (count one), attempt to use weapons of mass destruction in violation of 18 U.S.C. § 2332a(a)(2) (count two), and two counts of carrying and using firearms during and in relation to the crimes of violence charged in counts one and two, as well as possessing firearms in furtherance of those predicate crimes of violence in violation of 18 U.S.C. § 924(c)(1) (counts four and five). *Id.* at 944. The Magistrate Judge ordered the defendants detained, but the District Court granted their release. *Id.* The United States sought a stay pending resolution of the merits of an appeal from that Order. *Id.* The Sixth Circuit reversed the District Court's order of release. *Id.*

In reaching its decision on the merits, the *Stone* court noted with approval that other circuits have found section 3142(e)(3)'s presumption in favor of detention imposes only a "burden of production" on the defendant, and the government retains the "burden of persuasion." *Stone*, 608 F.3d 945 (quoting *United States v. Mercedes,* 254 F.3d 433, 436 (2d Cir. 2001); *United States v. Portes,* 786 F.2d 758, 764 (7th Cir.1985). A defendant satisfies his burden of production when he "com[es] forward with evidence that he does not pose a danger to the community or a risk of flight." *Stone*, 608 F.3d at 945 (quoting *Mercedes,* 254 F.3d at 436). Although a defendant's burden of production "is not heavy," he must introduce at least some evidence. *Stone*, 608 F.3d at 945 (quoting *United States v. Stricklin,* 932 F.2d 1353, 1355 (10th Cir.1991); *see also United States v. Rodriguez,* 950 F.2d 85, 88 (2d Cir.1991) ("[A] defendant

3

must introduce some evidence contrary to the presumed fact in order to rebut the presumption.")).

It is important to note, however, even when a defendant satisfies his burden of production, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Stone*, 608 F.3d at 945 (quoting *Mercedes,* 254 F.3d at 436). The presumption remains as a factor because it is not simply an evidentiary tool designed for the courts. *Stone*, 608 F.3d at 945. Rather, the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial. *Stone*, 608 F.3d at 945-946 (citing *United States v. Jessup,* 757 F.2d 378, 384 (1st Cir.1985), abrogated on other grounds by *United States v. O'Brien,* 895 F.2d 810 (1st Cir.1990), ("Congress intended magistrates and judges, who typically focus only upon the particular cases before them, to take account of the more general facts that Congress found"); *see also United States v. Dominguez,* 783 F.2d 702, 707 (7th Cir.1986) ("[T]he presumption of dangerousness ... represents Congressional findings that certain offenders ... are likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions.")). To rebut the presumption, therefore, a defendant should "present all the special features of his case" that take it outside "the congressional paradigm [.]" *Stone*, 608 F.3d at 946 (quoting *Jessup,* 757 F.2d at

The United States maintained during the detention hearing that Lawrence had failed to rebut the presumption in favor of detention. As the *Stone* court noted, "regardless of whether the presumption applies, the government's ultimate burden is to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community." 608 F.3d at 946. Moreover, as noted above, the presumption remains a factor for consideration.

4

Lawrence asks the Court to reconsider its Detention Order because his father is available as a potential third-party custodian. He claims that his father and step-mother are available to keep watch over him, there is no Internet or computer, and the residence is in a rural setting. While it is true that the pretrial services report suggested that he posed a risk of non-appearance due to unsuitable living situation – this Court's determination that Lawrence failed to rebut the presumption involved consideration of many more factors than whether he had a suitable place to live. A much more significant concern that non-appearance is presented by Lawrence's dangerousness. In fact, the Court's comments at the end of the detention hearing focused on his past conviction, history of contact offending, the nature of the web sites he visited and overall concern for the safety of children should Lawrence be released. Even if the Court now believes that Lawrence has rebutted the presumption (which the United States does not concede), detention is still appropriate.

### C.  18 U.S.C. § 3142(g) compels detention as a danger to the community

In *United States v. Salerno*, 481 U.S. 739 (1987), the Supreme Court upheld the Bail Reform Act of 1984, which allowed for the pretrial detainment of arrestees. *Id*. at 750-52. The Court acknowledged the important and fundamental nature of an individual's interest in liberty, but emphasized that this right may, in circumstances where the government's interest is sufficiently weighty, be subordinated to the greater need of society. *Id*. at 750-51.

According to the provisions of 18 U.S.C. § 3142(e), a defendant shall be detained pending trial if, after a hearing, the judicial officer finds that no condition or set of conditions will assure the defendant's appearance and the safety of the community. The factors to be considered in determining whether to release a defendant pending trial are set forth in 18 U.S.C. § 3142(g) and include: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of

terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against a person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

Subject to rebuttal by the defendant, there is a presumption in favor of pretrial detention if the judicial officer finds there is probable cause to believe that the person committed an offense involving 18 U.S.C. § 2251(a). The defendant did not dispute that probable cause supported the Criminal Complaint and his arrest for violating federal child pornography laws.

Counsel for the United States noted that the United States was seeking Lawrence's detention as a danger to the community. In the instant case, several factors support detention and serve to override any factors submitted by the defendant to rebut the statutory presumption in favor of detention. They certainly weigh against release.

First, the Court must consider the nature and circumstances of the offense charged. As noted above, Lawrence is charged with crimes that trigger the presumption against release (specifically, the receipt and attempted receipt of child pornography charges). Those offenses are both crimes of violence, *see* 18 U.S.C. § 3156(a)(4)(C), and involve minor victims. The nature and circumstances of the offenses charged are serious and warrant special attention. *See United States v. Goodwin*, 2015 WL 6386568 at *2 (WD KY Oct. 21, 2015). This is so because the statute specifically instructs the Court to consider whether the offense "is a crimes of violence . . . or involves a minor victim." *Id*. (citing 18 U.S.C. § 3142(g)(1)). The offenses involve the receipt, attempted receipt, possession, and accessing with intent to view sexually explicit images of young children, including those involving sadism. The images can be trafficked *via* the internet in perpetuity. *See Paroline v. United States*, 572 U.S. 434, 440 (2014)(noting continued distribution of child pornography involving one particular victim,

6

"Amy," whose images have been possessed by thousands). Quite simply, at that point, the bell can never be unrung. The creation and distribution of child sex abuse material perpetuates the abuse that children are made to suffer. *See New York v. Ferber*, 458 U.S. 747, 759 (1982) ("[T]he materials produced are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation.").

Second, the weight of the evidence against Lawrence – as it pertains to dangerousness[1] -- is substantial. *See, e.g., Goodwin*, 2015 WL 6386568 at *3; *Cornish*, 2020 WL 1498841 at *3. Lawrence was previously convicted of the attempted rape of a three-year-old. And, as noted earlier, there is another child (age six), who reported Lawrence's sexually aggressive actions towards her. While Lawrence completed his term of post-conviction Sex Offender Conditional Release without incident – as noted earlier, with a few months he began acquiring child sex abuse materials using the Internet.

The third factor for consideration concerns the history and characteristics of the person. This factor covers a wide range of issues including the person's character, family ties, employment, financial resources and criminal history. A few of the topics set out in 3142(g)(3) weigh in Lawrence's favor, but not all. He enjoys family support and has maintained gainful employment following his release from state custody. But, his record of contact offending and clearly-established sexual interest in little girls paint the picture of a sexual predator who is a very real danger to children – both online and in person.

While reporting good physical health and no medical problems, Lawrence has a history of mental health problems. Moreover, he could not remember the last time he was in therapy.

---

[1] *Stone*, 608 F.3d at 948 (citation omitted).

Finally, courts must consider the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. There are no conditions or combination of conditions to reasonably protect the community from Lawrence. Respectfully, home confinement and GPS monitoring would not adequately protect the community. The Internet is ubiquitous. "The ubiquitous presence of the internet and the all-encompassing nature of the information it contains are too obvious to require extensive citation or discussion." *United States v. Voelker*, 489 F.3d 139, 145 (3rd Cir. 2007). While GPS monitoring is a remarkable tool to determine where a person "is," it cannot advise supervising probation officers "what" the person is doing. Like the defendant in *Goodwin*, "The danger that he will sexually prey on minor victims cautions against release." *Goodwin*, 2015 WL 6386568 at *3. The *Cornish* court reached the same conclusion, finding that "Allegations of enticing a child to engage in sexual activity are particularly dangerous and pose a threat the Court cannot easily mitigate if Cornish is released." *Cornish*, 2020 WL 1498841 at *4.

## CONCLUSION

The pretrial services report correctly recommended detention as both a danger to the community and risk of non-appearance. The defendant's motion to reconsider should be **DENIED**.

    Respectfully Submitted,

    RUSSELL M. COLEMAN
    UNITED STATES ATTORNEY

    /s/ *Jo E. Lawless*
    Jo E. Lawless
    Assistant United States Attorney
    717 West Broadway
    Louisville, Kentucky 40202
    (502) 625-7065
    (502) 582-5067 (fax)

Certificate of Service

    I hereby certify that a copy of the foregoing was sent by electronic transmission through the Court's ECF system to defense counsel on June 11, 2020.

                                      */s/ Jo E. Lawless*
                                      Jo E. Lawless
                                      Assistant United States Attorney