# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **PLAINTIFF** ) | **Criminal Action No. 1:20cr-00009-GNS** |
| v. ) | **CHIEF JUDGE GREG N. STIVERS** |
| ) | |
| **BARRET LAWRENCE** ) | |
| ) | |
| **DEFENDANT** ) | |

## ARRAIGNMENT ORDER
## RECIPROCAL ORDER OF DISCOVERY

The above-styled case came before the Honorable Brent Brennenstuhl, United States Magistrate Judge, via video/audio conference from Bowling Green, and was called in open Court on June 19, 2020, for arraignment on an indictment. The Defendant, Barret Lawrence, was present, in custody via video from the Warren County Regional Jail and represented by retained counsel William M. Butler, Jr., and Ashley Witte Dawson, via video. Assistant United States Attorney Jo E. Lawless was present, via video for the United States of America. These proceedings were digitally recorded. The Defendant was advised of his right to appear in person before the Magistrate Judge and the Defendant advised he consents to proceeding by video teleconference.

As to the matter of arraignment, the Defendant, by counsel, acknowledged his identity, acknowledged that he had received a copy of the Indictment, including the Penalties Page. Counsel for the Defendant advised they had not reviewed the Indictment in detail with the Defendant, so the Court proceeded with a formal reading of the Indictment.

Thereupon, by counsel, a plea of **NOT GUILTY** was entered to the charges in the Four-Count Indictment.

**IT IS ORDERED** that a further proceedings hearing shall be conducted telephonically before Chief Judge Greg N. Stivers on **July 13, 2020, commencing at 1:15 pm, CDT.** The call will be initiated by the Court.

**IT IS FURTHER ORDERED** that the parties proceed to give reciprocal discovery pursuant to the provisions of Rule 16, Federal Rules of Criminal Procedure, and Title 18, United States Code. Section 3500, Jencks Act, subject to the limitations and conditions set forth therein, and including, not by way of limitation, the following:

### The United States

Within seven (7) days after entry hereof, the United States Attorney and the defense counsel shall confer and, upon request, the United States shall permit the Defendant to inspect and copy or photograph:

1. Any relevant written or recorded statements made by the Defendant, or copies thereof, within the possession, custody or control of the United States, the existence of which is known or by the exercise of due diligence may become known to the United States Attorney;

2. The substance of any oral statement, which the United States intends to offer in evidence at the trial, made by the Defendant whether before or after arrest in response to interrogation by any person then known to the Defendant to be a Government agent;

3. Recorded testimony of the Defendant before a Federal Grand Jury which relates to the offense charged;

4. Books, papers, documents, photographs, tangible objects, buildings, or places, or copies or portions thereof, which are within the possession, custody or control of the United States and which the United States intends to introduce as evidence-in-chief at the trial of this case;

5.    Results or reports of physical or mental examinations and of scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the United States, the existence of which is known, or by the exercise of due diligence may become known, to the United States Attorney and which the United States intends to introduce as evidence-in-chief at the trial of this case;

6.    Copy of the prior criminal record of the Defendant, if any, that is within the possession, custody or control of the United States, the existence of which is known, or by the exercise of due diligence may become known, to the United States; and,

7.    Any tape recording made by Government agents of any conversation with the Defendant.

## The Defendant

The Defendant shall likewise provide to the United Sates within seven (7) days after entry hereof the following information for the purposes of inspection, examination and photocopying:

1.    All books, papers, documents, photographs, tangible objects, or copies of portions thereof, which are within the possession, custody or control of the Defendant and which the Defendant intents to introduce as evidence-in-chief at the trial; and,

2.    Any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the Defendant, which the Defendant intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom the Defendant intends to call at trial when the results or reports relate to his testimony.

If, in the judgment of the United States Attorney, it would not be in the interest of justice to make any one or more disclosures set forth above and requested by defense counsel, the disclosure may be declined.  A declination of any requested disclosure shall be in writing, directed to defense counsel, and shall specify the types of disclosure that

are declined. If the Defendant seeks to challenge the declination, or if additional discovery or inspection is sought, Defendant's attorney shall confer with the appropriate United States Attorney with a view of satisfying these requests in a cooperative atmosphere without recourse to the Court. The request may be oral or written and the United States Attorney shall respond in like manner.

As to the matter of the Motion for Reconsideration regarding Order of Detention (DN 17), counsel for the Defendant advised there has been a change in circumstances since the filing of the motion so Defendant withdraws his Motion at DN 17.

**IT IS THEREFORE ORDERED** the Motion for Reconsideration regarding Order of Detention (DN 17) is **WITHDRAWN.**

**IT IS ORDERED** the Defendant shall remain in the custody of the United States Marshal Service pending all further proceedings in this matter.

ENTERED this June 19, 2020

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies to:   Counsel of Record
US Marshal Service
US Probation
Traci Duff, Case Manager

0|10