FILED
JAMES J. VILT, JR. - CLERK
JUL 13 2021
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

UNITED STATES OF AMERICA      PLAINTIFF

vs.      CRIMINAL ACTION NO. 1:20CR9-GNS

BARRET LAWRENCE      DEFENDANT

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States of America, by Michael A> Bennett, Acting United States Attorney for the Western District of Kentucky, and defendant, Barret Lawrence, and his attorneys, William Butler and Ashley W. Dawson, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with violations of 18 U.S.C. §§ 2252A(a)(2)(A), 2252A(a)(5)(B), 252A(b)(1), and 2252A(b)(2). Defendant further acknowledges that the Indictment in this case seeks forfeiture, pursuant to 18 U.S.C. § 2253, of all visual depictions which were produced, transported, mailed, shipped or received in violation of the law and all property, real and personal, used or intended to be used to commit or to promote the commission of the offenses set out in the Indictment.

2. Defendant has read the charges against him contained in the Indictment, and the charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to the charges in the Indictment because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

> **According to the Kentucky State Sex Offender Registry, Barret Lawrence was convicted in Warren Circuit Court for Attempted Rape (First Degree), of a three-**

year-old child. He is required to register as a sex offender for the remainder of his life. Courtnet lists the Warren Circuit Court case number as 99-CR-00660 with judgment entered on September 26, 2000.

Law enforcement became aware of Lawrence's most recent criminal activity when, on or about May 21, 2019, he, accessed a website on the dark net. Lawrence accessed the website from his home in Simpson County. The website had an explicit focus on the facilitation of sharing child abuse material (images, links and videos), with an emphasis on BDSM, hurtcore, gore and death-related material including that of children. Users of the site were required to create an account (username and password) in order to access the majority of the material. Lawrence attempted to receive and accessed with the intent to view the contents of the website.
During the visit to the website referenced above, Lawrence had access to, among other files, a nearly six minute video involving the sexual abuse of a toddler (approximately three to six years old) girl's vagina. The video begins with digital penetration and then shows an erect adult penis being rubbed against and inserted into the child's vagina. She is lying on her back. Later, while the child is on her stomach, the adult male fondles her anus and then inserts his erect penis into her anus. A few minutes later, the little girl is shown on her back with her legs spread exposing her vagina and an adult erect penis is being inserted into her anus. Another video available during Lawrence's visit to the site, is a looped/recurring video of approximately five seconds in length. It showed a child approximately five to eight years of age being anally penetrated by an adult male. At the end of the video prior to the video being looped, the child attempts to move and a second individual's hand is seen holding the child down.

March 25, 2020, federal law enforcement officials applied for and received a federal search warrant for Lawrence's residence in Simpson County. Law enforcement officials executed the search warrant the next day and seized several digital devices and items capable of storing digital data. The items were submitted for forensic examination. Review of an SD card that was seized during the search warrant revealed numerous images of child sex abuse materials. A sampling of the recovered files included:
  a. A little girl (approximately four to six years old), is shown standing nude with her legs spread exposing her vagina. A white rope is around her wrists. One arm is held over her head while the other arm is up at shoulder length, with the elbow bent at a 90 degree angle up;

  b. A little girl (approximately six to ten years old) is shown wearing only a shirt. She is lying on top of a table with her knees up in the air. An adult male is shown vaginally raping her;

c. A little girl (eight to 12 years old), is nude. She is shown lying on top of a nude adult male. The man is lying on a couch. The image shows the man performing oral sex on the child and his penis in the child's mouth;

d. A little girl (approximately four to six years old), is shown with an adult male penis in her mouth; and

e. A little girl (approximately two to five years old), is shown lying on a towel nude with her legs spread apart. An adult's little finger is digitally penetrating the child's vagina.

On May 5, 2020, the case agent received information from SA/CFA Hutchison that BARRET LAWRENCE had a Firefox Bookmark titled: New Hurt 2 The Core: Date Added – December 31, 2019. Information from law enforcement in Boston, Massachusetts, revealed that the home page for Hurt 2 The Core includes the following notice: "This site is designed to promote, share, teach, experience and jerkoff to child porn, specifically hardcore and hurtcore. The site will only be active if members post content (videos/pictures). New Members will be required to post content within the first 30 days. If you fail to meet this expectation you will be banned. As the board continued to gain in popularity the application process will become more challenging. Don't "fuck" up your opportunity – give back to the community – and share our mutual love of hurting and abusing."

Also in May 2020, the case agent reviewed the data on the SD card referenced above to determine when the images were acquired. With regard to the file described in subparagraph (e) above, the Metadata:

    1. Make: Eastman Kodak Company
    2. Model: Kodak Easyshare M753 Zoom Digital Camera
    3. Capture Time: 02/03/2010 5:48:19 PM

Device Information:
    Created: 02/19/2014 9:55:18 AM
    Accessed: 08/15/2014 12:00:00 AM
    Modified 02/19/2014 9:55:20 AM

A different image depicted a little girl (approximately three to six years old), shown lying on a couch. She is nude with her legs spread apart and lifted up into the air exposing her vagina. The Metadata showed:

    1. Make: Nokia
    2. Model: C5-00
    3. Capture Time: 05/10/2011 6:32:18 PM

Device Information:
    Created 01/18/2014 10:58:58 PM
    Accessed 08/15/2014 12:00:00 AM
    Modified 01/18/2014 10:59:00 PM

Between January 18, 2014, and August 15, 2014, when Lawrence received the materials recovered from the SD card, he lived in Warren County Kentucky. He

possessed the SD card and its contents on March 26, 2020, while living in Simpson County Kentucky.

4. Defendant understands that the charges to which he will plead guilty carry a combined minimum term of imprisonment of 15 years, a maximum term of 120 years in prison, a combined maximum fine of $1,000,000.00, a $5,000.00 mandatory assessment (per count), if the defendant is not indigent, and supervised release of at least five years and could be any number of years, up to and including life, which the Court may specify. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charges to which he will plead guilty he may be ordered to forfeit his interests in the property as outlined in numbered paragraph 1, above.

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the United States District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A. If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    C. At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the charges to which he pleads guilty.

9. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $400.00 to the United States District Court Clerk's Office by the date of sentencing. Defendant further acknowledges that he is mandated to pay a $5,000.00 special assessment, per charge, pursuant to 18 U.S.C. § 3014, if the Court finds that he is non-indigent.

10. Defendant acknowledges that the crimes to which he is pleading guilty are covered by the mandatory restitution provisions set out in 18 U.S.C. § 2259. However, no requests for restitution have been received. If such a request is received, it will be shared with the defense and the Court. The defendant understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required. All financial matters will be left for resolution at the time of sentencing.

11. At the time of sentencing, the United States will

-recommend a sentence at the lowest end of the applicable Guideline range, but not less than any statutory mandatory minimum followed by a life term of Supervised Release.

-recommend a reduction of 2 [3] levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) [and (b)], provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea

-recommend a fine at the lowest end of the applicable Guideline range, to be due and payable on the date of sentencing, based upon a determination of the defendant's ability to pay as set out in the Presentence Investigation Report.[1]

-demand forfeiture as outlined in numbered paragraph 1, above.

12. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.

13. The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act (42 U.S.C. §§ 901 et. seq), the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant=s residence, the location of the defendant=s employment; and, if the defendant is a student, the location of the defendant=s school. Registration will require that the defendant provide Information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

14. By this Agreement, defendant agrees to forfeit all interests in the properties referenced in numbered paragraph 1, above, and to take whatever steps are necessary to pass clear title to the United States. These steps include but are not limited to surrender of title, the signing of a consent decree, a stipulation of facts regarding the transfer and basis for the forfeitures and signing any other documents necessary to effectuate such transfers.

15. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

16. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to

defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

17. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service

19. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court. In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

20. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence

incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one to which he has agreed, he is in breach of this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

21. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation, and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

22. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been

or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

MICHAEL A. BENNETT
Acting United States Attorney

By:

_____     Date _7/13/2021_
Jo E. Lawless
Assistant United States Attorney


I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____     _6/23/2021_
Barret Lawrence                      Date
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____     _6/23/2021_
William Butler                       Date
Ashley W. Dawson
Counsel for Defendant


MAB:JEL:20210506