UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

UNITED STATES OF AMERICA                                                                       PLAINTIFF

v.                                                        CRIMINAL NO. 1:20-CR-000009-GNS

**BARRET LAWRENCE**                                                      DEFENDANT

<u>**SENTENCING MEMORANDUM**</u>
*-Electronically Filed-*

The United States of America, by counsel, files its memorandum in support of sentencing in this action currently scheduled for October 13, 2021. The United States does not plan to put on testimony at the hearing. For the reasons set forth below and pursuant to the plea agreement in this case, the government respectfully requests this Court sentence the defendant, Barret Lawrence, a previously convicted sex offender, to a sentence of 180 months' imprisonment, followed by a life term of supervised release, a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

I. Factual Background

Barret Lawrence is a lifetime sex offender registrant, having been previously convicted by a jury in 2000 of Attempted Rape in the First Degree of a young child and sentenced to twenty years' imprisonment. (DN 53, Presentence Investigation Report, ¶ 41.) Lawrence was released from the Kentucky Department of Corrections in November 2010 and within just over three years he had already begun engaging in the events – seeking out, viewing, and receiving child pornography – that led to the charges in this case. (*Id*. at ¶¶ 41, 2-5.)

Law enforcement became aware of Lawrence's most recent criminal activity when they discovered that, on May 21, 2019, he had accessed a darknet website that had an explicit focus on the facilitation of sharing child abuse material (images, links and videos), with an emphasis on BDSM, hurtcore, gore and death-related material. (DN 53, Presentence Investigation Report, ¶¶ 9-11.) Users of the site were required to create an account (username and password) to access the majority of the material. (*Id*. at ¶9.)   During his visit to this darknet website on May 21, 2019, Lawrence had access to, among other files, a nearly six-minute-long video depicting the sexual abuse of a young girl between three and six years of age, a short looping video of an adult male anally penetrating a child between the ages of five and eight while a second adult held the child down, and a collage of 30 images that mostly depict either a dildo or an adult male penis being inserted into the anus of a girl who is between four to six years of age. (*Id*. at ¶ 10.) On that date in May 2019, Lawrence attempted to receive and accessed with the intent to view the contents of this darknet website.

Subsequently, on March 26, 2020, law enforcement authorities executed a federal search warrant at Lawrence's residence in Franklin, Kentucky, and seized multiple digital devices and items capable of storing electronic information. (DN 53, Presentence Investigation Report, ¶ 12.) Computers and a SanDisk memory card seized during the search were examined and found to contain images and videos of child pornography, (*id*. at ¶¶ 12-17), with creation and access dates as early as January 2014. (*See* DN 49, Plea Agreement at ¶ 3.) Like the images and videos available on the darknet website the defendant accessed in May 2019, the child pornography materials received by Lawrence in 2014 and possessed by him at the time of law enforcement's execution of the search warrant in 2020 included depictions of young children being sexually assaulted in various sadistic and masochistic ways.

Lawrence was charged federally in a Four-Count Indictment with receipt of child pornography (Count 1), attempted receipt of child pornography (Count 2), accessing with the intent to view child pornography (Count 3), and possession of child pornography (Count 4). On July 13, 2021, Lawrence pled guilty to all counts in the Indictment pursuant to a plea agreement with the government. The statutory mandatory minimum in this case is 15 years' imprisonment. 18 U.S.C. § 2252A(b)(1). The mandatory minimum and statutory maximum are enhanced because of Lawrence's prior conviction for Attempted Rape in the First Degree.

## II. Guidelines Calculation

The United States agrees with the U.S. Probation Office's calculations contained within the PSR. Defendant's total offense level should be 30. The United States further agrees with the U.S. Probation Office's calculation of Lawrence's Criminal History Category of II. This, along with the statutorily authorized minimum sentence, *see* USSG § 5G1.2(b), produces a guideline term of imprisonment of 180 months. (DN 53, Presentence Investigation Report, ¶ 73.) As to the term of supervised release, the United States agrees with the U.S. Probation's report that the guidelines provide for a term of supervised release of five years to life as to each count of conviction, USSG § 5D1.2(b)(2), (*id.* at ¶ 79), and notes that the Policy Statement to the guidelines provides that if, as here, "the instant offense of conviction is a sex offense…the statutory maximum term of supervised release is recommended."

## III. The 18 U.S.C. § 3553(a) Factors Warrant a Significant Sentence in This Case

The Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). Title 18, United States Code, Section 3553(a) guides the Court regarding factors to consider when imposing a sentence. That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
. . .

(5) any pertinent policy statement--
. . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

In this case, Lawrence stands convicted of serious child exploitation offenses, including receipt, possession, and accessing with intent to view child pornography of some of the most egregious variety, including the sexual abuse of very young children and with an emphasis on BDSM, hurtcore, gore and death-related materials. Moreover, Lawrence's conduct throughout his life has demonstrated that he poses a serious risk to children. The evidence in this case revealed that Lawrence began viewing and collecting child pornography materials just a few short years after his release from prison on his conviction for sexually assaulting a young child.

The sentence imposed in this action should be substantial – and include a life term of supervised release – in order to adequately reflect the seriousness of the offenses, promote respect for the law, provide just punishment for the offenses, deter further criminal conduct, provide

Lawrence with needed correctional treatment, and, importantly, protect the public from further crimes of this defendant.  A guideline sentence of 180 months' imprisonment, followed by a life term of supervised release, is sufficient, but not more than necessary to satisfy these factors.

## IV. Conclusion

For the reasons set forth herein, the United States respectfully requests the Court to apply the Sentencing Guidelines, as outlined above, follow the statutory directives set out in 18 U.S.C. § 3553(a), and impose a sentence of 180 months' imprisonment followed by a life term of supervised release.

Respectfully submitted,

MICHAEL A. BENNETT
Acting United States Attorney

/s/ *Stephanie M. Zimdahl*
Stephanie M. Zimdahl
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky  40202
PH:  (502) 582-6217
FAX: (502) 582-5097

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2021, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

/s/ *Stephanie M. Zimdahl*
Stephanie M. Zimdahl
Assistant U.S. Attorney